UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA C. DICAIRE, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SHERMETA LAW GROUP, PLLC, a Michigan professional limited liability company; TRANSWORLD SYSTEMS, INC., a California corporation; and BEAUMONT HEALTH SYSTEM, a Michigan corporation,<br><br>　　　　Defendants. | Case No. 1:18-cv-415<br><br>Hon. |

## COMPLAINT AND JURY DEMAND

Plaintiff Lisa C. DiCaire, by and through her counsel, Westbrook Law PLLC, for her Complaint against Defendants Shermeta Law Group, PLLC, Transworld Systems, Inc., and Beaumont Health System, states as follows:

### INTRODUCTION

1.　　Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251 *et seq.*; and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*, due to Defendants' unlawful activities in connection with attempting to collect a consumer debt purportedly owed to Beaumont Health System.

2. The purpose of the FDCPA is to "eliminate abusive debt collection practice by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

3. Defendants have willfully violated the FDCPA by communicating false and misleading debt information to Plaintiff, causing confusion as to her legal rights, and causing actual harm and damages to Plaintiff.

4. Defendant Transworld Systems, Inc. has further violated the FDCPA by communicating false debt information to third parties; by attempting to collect inflated amounts; by falsely communicating to Plaintiff that Transworld Systems, Inc. was not servicing her debt; and by failing to furnish notices mandated by 15 U.S.C. § 1692g.

5. Each Defendant also violated either the MRCPA or the MOC, which are state-law analogues of the FDCPA that prohibit deceptive, unconscionable, and otherwise harmful collection practices and provide private rights of action.

## THE PARTIES

6. Plaintiff Lisa C. DiCaire is an individual residing in East Lansing, Michigan. Plaintiff is a "consumer" as that term is used in the FDCPA.

7. Defendant Shermeta Law Group, PLLC ("Shermeta") is a Michigan limited liability company with a primary business address located in Rochester, Michigan.

8. Shermeta regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the State of Michigan using interstate wires and mails. The principal business purpose of Shermeta is the collection of consumer debts.

9. Shermeta is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692a.

10. Shermeta is a "regulated person" as that term is defined in the MRCPA, M.C.L. § 445.251.

11. Defendant Transworld Systems, Inc. ("Transworld") is a California corporation headquartered in Pennsylvania.

12. Transworld regularly engages in the collection of defaulted consumer debts purportedly owed to others and conducts business in the State of Michigan using interstate wires and mails. The principal business purpose of Transworld is the collection of consumer debts.

13. Transworld is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692a.

14. Transworld is either a "collection agency" and "licensee" as those terms are used in the MOC, M.C.L. § 339.901; or alternatively is a "regulated person" as that term is used in the MRCPA, M.C.L. § 445.251.

15. Defendant Beaumont Health System ("Beaumont") is a Michigan corporation headquartered within the State of Michigan.

16. Beaumont is a provider of medical services to consumers, including Plaintiff.

17. Beaumont is not a "collection agency" as that term is used in the MOC and MRCPA, but engages in the collection of consumer debts owed to Beaumont.

18. Beaumont is a "regulated person" as that term is used in the MRCPA, M.C.L. § 445.251.

19. In the process of collecting its own debts, Beaumont uses one or more names other than its own, indicating that a third party is attempting to collect or collecting debts owed to Beaumont.

3

20. Beaumont is a "debt collector" as that term is defined in the FDCPA, 15. U.S.C. § 1692a.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367.

22. Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

23. In December of 2014, Plaintiff obtained medical services from Beaumont and incurred charges in connection with those services. The associated charges and debt (the "Debt") were incurred for personal and not for commercial reasons.

24. After determining that the Debt was allegedly delinquent, Beaumont either placed the Debt with a third-party debt collector for collection or sold the Debt to a third-party debt buyer.

25. Beaumont placed the Debt with Transworld or sold the Debt to Transworld in 2016.

26. In 2017, without Beaumont's knowledge or consent, Transworld engaged Shermeta to collect the Debt.

27. On July 10, 2017, Shermeta sent to Plaintiff a collection letter indicating that Shermeta had been engaged by Beaumont to collect the Debt in the amount of $823.76.

28. The July 10, 2017 letter falsely implied that Beaumont had authorized Shermeta to collect the Debt.

29. On January 5, 2018, Shermeta filed a lawsuit in the State of Michigan, 54B District Court, captioned *Beaumont Health System v. DiCaire*, No. 18-0043-GC (the "Lawsuit"), seeking to collect the Debt.

30. Shermeta filed the Lawsuit without the knowledge or consent of Beaumont.

31. Plaintiff has yet to be served with the Summons or Complaint in the Lawsuit.

32. On January 29, 2018 (the "January 29 Call"), Plaintiff telephoned Beaumont to request that Beaumont waive or reduce the amount of the Debt, explaining that Plaintiff was experiencing financial hardship. At the time of the phone call, Plaintiff was unaware of the existence of the Lawsuit.

33. During the January 29 Call, Beaumont informed Plaintiff that Beaumont no longer owned the Debt and that the Debt had been sold to "NCO Group" on January 6, 2016.

34. During the January 29, Call, Beaumont provided Plaintiff with a purported telephone number—800-785-1426—for "NCO Group," the purported owner of the Debt.

35. In fact, the telephone number 800-785-1426 is a telephone number for Transworld and not for "NCO Group."

36. Beaumont's statements to Plaintiff that the Debt was owned or had been assigned to "NCO Group" were false and misleading.

37. Beaumont told Plaintiff during the January 29 Call that because Beaumont no longer owned the Debt, there was nothing Beaumont could do to waive the Debt or otherwise work with Plaintiff to resolve the Debt.

38. On January 30, 2018, Plaintiff received a solicitation letter for legal services from a bankruptcy attorney. That letter referenced the Lawsuit and alerted Plaintiff for the first time to the existence of the Lawsuit.

39. On January 30, Plaintiff telephoned the 54B District Court and obtained information regarding the Lawsuit, including the case number and the name of the plaintiff. According to the Lawsuit prepared and filed by Shermeta, the plaintiff in the Lawsuit is Beaumont.

40. On January 30, Plaintiff telephoned Beaumont to discuss the Lawsuit. Beaumont stated unequivocally that Beaumont does not work with attorneys and would not authorize a collection lawsuit over the alleged amount of the Debt.

41. During the January 30, 2018 call, Beaumont told Plaintiff that Beaumont's policy was to sell past-due accounts to a collection company, not to initiate legal proceedings.

42. Beaumont reiterated during the January 30, 2018 call that Plaintiff's account had been sold to "NCO Group;" that Beaumont no longer owned it; and that Beaumont could not work with Plaintiff to resolve the Debt for that reason.

43. Beaumont further instructed Plaintiff during the January 30, 2018 call that Plaintiff would need to call "NCO Group" to discuss the matter of resolving the Debt.

44. Shermeta's communications to the 54B district court via the Lawsuit falsely and misleadingly implied that Beaumont, the plaintiff and apparent client of Shermeta, had authorized the filing of the Lawsuit, was a real party in interest in the Lawsuit, and had a true attorney-client relationship with Shermeta.

45. On or about February 25, 2018, Shermeta sent Plaintiff a letter "Re: BEAUMONT HEALTH SYSTEM," indicating that the balance of the Debt was $931.18 and requesting payment "payable to BEAUMONT HEALTH SYSTEM." This letter did not mention the Lawsuit. The letter also did not communicate the reason or reasons it sought to collect $931.18 instead of the original amount of the Debt, which was $823.00.

46. The implication in Shermeta's February 25, 2018 letter that Beaumont had authorized it to collect the Debt from Plaintiff was false and misleading.

47. Plaintiff telephoned Beaumont again on March 29, 2018 ("March 29 Call") to request that Beaumont provide a statement in writing that her account had been sold to "NCO Group." Beaumont replied that Beaumont could not do that because the account was in "legal status." Beaumont told Plaintiff that she would need to contact "NCO Group."

48. When Plaintiff inquired during the March 29 Call how Beaumont knew the Debt was in "legal status" given Beaumont's representation that the Debt had been sold, Beaumont replied that the debt was "not completely sold to NCO Group."

49. When Plaintiff indicated during the March 29 Call that Beaumont had previously told Plaintiff via telephone the Debt had been sold, Beaumont claimed that prior telephone calls had been recorded and falsely stated that according to the recorded prior call between Plaintiff and Beaumont, Beaumont had never told Plaintiff the Debt had been sold.

50. On March 29, 2018 after Plaintiff had spoken with Beaumont, Plaintiff called the telephone number for "NCO Group" that Beaumont had provided to her. The person answering the call identified herself as an employee of Transworld, not of "NCO Group."

51. During the March 29, 2018 telephone call with Transworld, the employee fielding the call asked whether the caller, Plaintiff, were "Lisa or Lorilee." Plaintiff's first name is Lisa, and her sister's first name is Lorilee.

52. Upon information and belief, Transworld was able to assume that the March 29, 2018 telephone call originated from "Lisa or Lorilee" because, due to having received a placement or assignment of the Debt from Beaumont and having performed a skip trace or similar

7

investigation, Transworld had information regarding Plaintiff—including her telephone number—in its computer system.

53. During the March 29, 2018 telephone call with Transworld, Plaintiff indicated that she was trying to reach "NCO Group" and asked if she were speaking to "NCO Group." The Transworld employee indicated that Plaintiff was speaking with Transworld and not "NCO Group." Plaintiff then terminated the call.

54. On March 29, 2018, Plaintiff attempted to contact a company called "NCO Group" via telephone at a number not provided to Plaintiff by Beaumont. After calling the phone number 800-925-6691, Plaintiff was told by the person answering the call that "NCO Group" no longer existed and that Plaintiff was speaking with a representative of its successor, "EGS Financial Services."

55. During the March 29, 2018 call with "EGS Financial Services," Plaintiff was told that "NCO Group" stopped working as collection agency in November of 2014 and that all collection accounts of "NCO Group" had been sent to Transworld in 2014.

56. During the March 29, 2018 call with "EGS Financial Services," Plaintiff was told that "EGS Financial Services" had no record of Plaintiff in its own computer system.

57. That same afternoon, Plaintiff then telephoned Transworld at a telephone number for Transworld that had been provided by "EGS Financial Services," 877-282-1250.

58. During this call with Transworld, the Transworld employee speaking with Plaintiff indicated that she could find no record of Plaintiff. The Transworld employee instructed Plaintiff to call a different number, 800-216-5205, to speak with the group that handled the "Beaumont account."

59. Plaintiff then telephoned Transworld at the 800-216-5205 number, whereupon Plaintiff was again told that Transworld had no record of Plaintiff in its computerized collection system. The Transworld employee speaking with Plaintiff stated that she was looking at the "Beaumont accounts" but found no record of Plaintiff in her system.

60. On March 30, 2018, Plaintiff telephoned Transworld at the 800-785-1426 number that Beaumont had initially provided as the number at which to call "NCO Group." The employee answering the call indicated that Transworld had no record of Plaintiff in its system.

61. Plaintiff's current consumer credit file with Experian Information Solutions, Inc. reflects a collection account with Transworld based on an original account with "BEAUMONT – TROY," i.e. Beaumont.

62. Transworld has communicated information, purportedly about the Debt, to Experian Information Solutions, Inc. and, upon information and belief, other consumer reporting agencies.

63. Transworld has communicated false information, purportedly about the debt, to Experian Information Solutions, Inc. and, upon information and belief, other consumer reporting agencies, including information reflecting an inflated amount of the Debt.

64. Transworld's direct communications with Plaintiff falsely and/or misleadingly implied that Transworld was not directly or indirectly involved with the collection of the Debt.

65. Transworld has never sent to Plaintiff any written notice containing:

   a. A statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    b. A statement that if the consumer notifies the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or

    c. A statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

66. Transworld engaged Shermeta to collect the Debt from Plaintiff and to file the Lawsuit against Plaintiff.

67. Through a series of false and misleading communications concerning the Debt, Beaumont and Transworld have thwarted Plaintiff's efforts to discover the status of the Debt and to negotiate a reduction or settlement of the Debt.

68. Transworld regularly collects debts on behalf of or using the name of Beaumont, pursuant to one or more services agreements or assignments between Transworld and Beaumont.

69. Upon information and belief, the services agreement between Transworld and Beaumont does not allow Transworld to file lawsuits, engage counsel, or authorize lawsuits to be filed, on behalf of Beaumont.

70. Shermeta is not a party to any services agreement or assignment between Transworld and Beaumont.

71. As a "collection agency" and "licensee" under the MOC, Transworld is prohibited from "employing or retaining an attorney to collect a claim." M.C.L. § 339.915a(d). It is also unlawful for Transworld to "institute a judicial proceeding on behalf of another." *Id.* § 339.915a(b).

10

72. Transworld's management of legal collections, including its decisions to employ Shermeta, to institute the Lawsuit, and to establish a threshold for settling the Lawsuit and the Debt, constitutes unauthorized practice of law prohibited by M.C.L. § 450.681.

73. Transworld's referral of the Debt to Shermeta for legal collections and institution of the Lawsuit were inconsistent with any true attorney-client relationship between Beaumont and Shermeta, and such arrangement violated the MOC, M.C.L. § 339.915a.

74. Defendants' false and misleading communications to Plaintiff and to third parties have caused actual harms to Plaintiff, including monetary harm, wasted time, mental stress, emotional distress, reputational damage and deprivation of information to which Plaintiff is legally entitled.

## COUNT I
### FDCPA, 15 U.S.C. §§ 1692e, 1692k
### ALL DEFENDANTS

75. It is unlawful for a debt collector to falsely represent the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

76. It is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

77. It is unlawful for a debt collector to use any business, company, or organization name other than the true name of the debt collector's business, company, or organization. 15 U.S.C. § 1692e(14).

78. Defendants violated the FDCPA, 15 U.S.C. §§ 1692e.

79. Defendants' violations of the FDCPA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants providing the following relief:

    a.  Actual damages pursuant to 15 U.S.C. § 1692k(1);

    b.  Additional damages pursuant to 15 U.S.C. § 1692k(2)(A);

    c.  Costs and attorney fees pursuant to 15 U.S.C. § 1692k(3); and

    d.  Any and all other legal and equitable relief as the Court deems just.

## COUNT II
### FDCPA, 15 U.S.C. §§ 1692f, 1692g, 1692k
### TRANSWORLD

80.    It is unlawful for a debt collector to collect or attempt to collect any amount from a consumer unless the amount is authorized by the agreement creating the debt or otherwise by law. 15 U.S.C. § 1692f.

81.    It is unlawful for a debt collector to fail to provide, within five (5) days of its first contact with a consumer, the notice reflected in 15 U.S.C. § 1692g.

82.    Transworld violated the FDCPA, 15 U.S.C. §§ 1692f and 1692g.

83.    Transworld's violations of the FDCPA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Transworld providing the following relief:

    a.  Actual damages pursuant to 15 U.S.C. § 1692k(1);

    b.  Additional damages pursuant to 15 U.S.C. § 1692k(2)(A);

    c.  Costs and attorney fees pursuant to 15 U.S.C. § 1692k(3); and

    d.  Any and all other legal and equitable relief as the Court deems just.

## COUNT III
## MOC, M.C.L. §§ 339.915, 339.915a
## TRANSWORLD

84. It is unlawful for a licensee to communicate with a debtor in a misleading or deceptive manner. M.C.L. § 339.915(a).

85. It is unlawful for a licensee to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. M.C.L. § 339.915(e).

86. It is unlawful for a licensee to engage in the practice of law or institute a judicial proceeding on behalf of another. M.C.L. § 339.915a(b).

87. It is unlawful for a licensee to employ or retain an attorney to collect a claim in a manner inconsistent with that of a true attorney-client relationship between the attorney and the creditor. M.C.L. § 339.915a(d).

88. Transworld violated the MOC.

89. Transworld's violations of the MOC were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Transworld providing the following relief:

    a. Treble actual damages pursuant to M.C.L. § 339.916(2);

    b. Statutory damages pursuant to M.C.L. § 339.916(2);

    c. Costs and attorney fees pursuant to M.C.L. § 339.916(2); and

    d. Any and all further legal and equitable relief as the Court deems just.

## COUNT III
## MRCPA, M.C.L. § 445.252
## ALL DEFENDANTS

90. It is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing

the purpose of a communication when it is made in connection with collecting a debt.  M.C.L. § 445.252(e).

91. It is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of the creditor or debtor.  M.C.L. § 445.252(f).

92. It is unlawful for a regulated person to use a harassing, oppressive, or abusive method to collect a debt.  M.C.L. § 445.252(n).

93. Defendants violated the MRCPA.

94. Defendants' violations of the MRCPA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants providing the following relief:

  a. Treble actual damages pursuant to M.C.L. § 445.257(2);

  b. Statutory damages pursuant to M.C.L. § 445.257(2);

  c. Costs and attorney fees pursuant to M.C.L. § 445.257(2); and

  d. Any and all further legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated:  April 12, 2018

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Lisa C. DiCaire, by and through her counsel, hereby demands a trial by jury as to all claims and issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 12, 2018 | /s/ Theodore J. Westbrook<br>Theodore J. Westbrook<br>**Westbrook Law PLLC**<br>Attorney for Plaintiff<br>6140 28th St. SE, Suite 115<br>Grand Rapids, MI 49546<br>twestbrook@westbrook-law.net |